# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD RATHBONE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-3062 |
| | ) | |
| ASSISTANT PUBLIC DEFENDER | ) | |
| SAM QUIO, ASSISTANT | ) | |
| STATE'S ATTORNEY BRIAN | ) | |
| SHAW, AND JUDGE JOHN W. | ) | |
| BELZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MERIT REVIEW OPINION

Plaintiff, proceeding pro se and incarcerated in Graham Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

Plaintiff challenges the actions of his public defender, the assistant state's attorney, and the presiding judge in Plaintiff's state court criminal proceedings. He seems to allege that he was wrongfully pressured by the attorneys into pleading guilty. He also alleges that Judge Belz's judgment was "improper." He asks for

money damages, the restoration of his driving privileges, the "suspension" of the defendants from their respective careers, and, apparently, the expungement of his conviction.

The Court cannot discern any constitutional violations from Plaintiff's allegations. In any event, Judge Belz and Assistant State's Attorney Shaw are immune from this lawsuit. Burns v. Reed, 500 U.S. 478, 488 (1991)(prosecutorial immunity); Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011)( "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). Additionally, the public defender is not considered a government actor, and therefore cannot be sued for constitutional violations. Polk County v. Dodson, 454 U.S. 312 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Additionally, the way for Plaintiff to challenge his current conviction is to first pursue his post-conviction remedies in state court, including all appeals, and then file a federal habeas action in the federal court. Nelson v. Campbell, 541 U.S. 637, 646-47 (2004)("a § 1983 suit for damages that would 'necessarily imply' the invalidity of the fact of an

inmate's conviction, . . ., is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.")(quoting <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)).

**IT IS ORDERED:**

1)  Plaintiff's complaint is dismissed for the reasons stated above.  This case is closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2)  Plaintiff must still pay the full filing fee even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3)  If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: 5/29/2015

FOR THE COURT:

**s/Sue E. Myerscough**
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
